UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE LEE WILLIAM BUTT,

                            NO. CIV. S-08-1017 LKK/DAD

      Plaintiff,

  v.

UNITED PARCEL SERVICE, INC.,
and DOES 1 through 5,
inclusive,

      Defendants.

_____/

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in Chambers on August 18, 2008.  Robert P. Henk appeared as counsel for plaintiff; Jennifer A. Blackstone appeared

as counsel for defendant.  After hearing, the court makes the following findings and orders:

### SERVICE OF PROCESS

All parties defendant have been served and no further service is permitted except with leave of court, good cause having been shown.

### JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332, is undisputed and is hereby found to be proper, as is venue.

### FICTITIOUSLY-NAMED DEFENDANTS

This action, including any counterclaims, cross-claims, and third-party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

### MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by May 18, 2009.  The word "completed" in this context means that all law and motion matters must be **heard** by the above date.  Because this date is not necessarily a date previously set aside for law and motion hearings, it is incumbent upon counsel to contact this court's courtroom deputy, Ana Rivas at (916) 930-4133, sufficiently

1    in advance so as to ascertain the dates upon which law and motion

2    will be heard and to properly notice its motion for hearing before

3    that date. Counsel are cautioned to refer to Local Rule 78-230

4    regarding the requirements for noticing such motions on the court's

5    regularly scheduled law and motion calendar. **Opposition or**

6    **statement of non-opposition to all motions shall be filed not later**

7    **than 4:30 p.m. fourteen (14) days preceding the hearing date, or**

8    **by proof of service by mail not less than seventeen (17) days**

9    **preceding the hearing date.** This paragraph does not preclude

10    motions for continuances, temporary restraining orders or other

11    emergency applications, and is subject to any special scheduling

12    set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

13    At the time of filing a motion, opposition, or reply, counsel

14    are directed to email a copy in word processing format to lkk-

15    pleadings@caed.uscourts.gov.

16    The parties should keep in mind that the purpose of law and

17    motion is to narrow and refine the legal issues raised by the case,

18    and to dispose of by pretrial motion those issues that are

19    susceptible to resolution without trial. To accomplish that

20    purpose, the parties need to identify and fully research the issues

21    presented by the case, and then examine those issues in light of

22    the evidence gleaned through discovery. If it appears to counsel

23    after examining the legal issues and facts that an issue can be

24    resolved by pretrial motion, counsel are to file the appropriate

25    motion by the law and motion cutoff set forth supra.

26    **Unless prior permission has been granted, memoranda of law in**

1  **support of and in opposition to motions are limited to thirty (30)**
2  **pages, and reply memoranda are limited to fifteen (15) pages.  The**
3  **parties are also cautioned against filing multiple briefs to**
4  **circumvent this rule.**

5  Where the parties bring motions for summary judgment, the
6  court will deem facts which are apparently undisputed as undisputed
7  under Fed. R. Civ. P. 56(d), unless specifically reserved and that
8  party tenders evidence to support the reservation.

9  ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
10 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
11 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.  COUNSEL ARE CAUTIONED
12 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
13 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
14 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
15 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
16 TIMELY FILE AN APPROPRIATE MOTION.

17 Counsel are further reminded that motions in limine are
18 procedural devices designed to address the admissibility of
19 evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
20 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
21 IN LIMINE  AT THE TIME OF TRIAL.

22 **DISCOVERY**

23 No modifications of the discovery requirements found in the
24 Federal Rules is ordered.

25 All discovery is left open, save and except that it shall be
26 so conducted as to be completed by March 18, 2009.  The word

4

1  "completed" means that all discovery shall have been conducted so
2  that all depositions have been taken and any disputes relative to
3  discovery shall have been resolved by appropriate order if
4  necessary and, where discovery has been ordered, the order has been
5  complied with.  Motions to compel discovery must be noticed on the
6  magistrate judge's calendar in accordance with the local rules of
7  this court and so that such motions will be heard not later than
8  February 18, 2009.  In this regard, all counsel are to designate
9  in writing and file with the court and serve upon all other parties
10 a final list of the names of all experts that they propose to
11 tender at trial not later than forty-five (45) days before the
12 close of discovery herein established.  At the time of designation,
13 all experts shall submit a written report.  The contents of the
14 report must comply with Federal Rule of Civil Procedure 26
15 (A)(2)(b).  All experts so designated are to be fully prepared to
16 render an informed opinion at the time of <u>designation</u> so that they
17 may fully participate in any deposition taken by the opposing
18 party.  Experts will not be permitted to testify at the trial as
19 to any information gathered or evaluated, or opinion formed, after
20 deposition taken subsequent to designation.

21      An expert witness not appearing on said lists will not be
22 permitted to testify unless the party offering the witness
23 demonstrates: (a) that the necessity of the witness could not have
24 been reasonably anticipated at the time the lists were exchanged;
25 (b) the court and opposing counsel were promptly notified upon
26 discovery of the witness; and (c) that the witness was promptly

1   proffered for deposition.

2          **MID-LITIGATION STATEMENTS**

3          Not later than fourteen (14) days prior to the close of
4   discovery, all parties shall file with the court and serve on all
5   other parties a brief statement summarizing all law and motion
6   practice heard by the court as of the date of the filing of the
7   statement, whether the court has disposed of the motion at the time
8   the statement is filed and served, and the likelihood that any
9   further motions will be noticed prior to the close of law and
10  motion.  The filing of this statement shall not relieve the parties
11  or counsel of their obligation to timely notice all appropriate
12  motions as set forth above.

13         **FINAL PRETRIAL CONFERENCE**

14         The Final Pretrial Conference is **SET** for August 17, 2009, at
15  2:30 p.m.   Counsel are cautioned that counsel appearing for
16  Pretrial will in fact try the matter.

17         Counsel for all parties are to be fully prepared for trial at
18  the time of the Pretrial Conference, with no matters remaining to
19  be accomplished except production of witnesses for oral testimony.
20  Counsel are referred to Local Rules 40-280 and 16-281 relating to
21  the contents of and time for filing Pretrial Statements.    In
22  addition to those subjects listed in Local Rule 16-281(b), the
23  parties are to provide the court with a plain, concise statement
24  which identifies every non-discovery motion tendered to the court,
25  and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 40-280
26  AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

1    The parties shall file Separate Pretrial Statements, the

2  contents and timing of which are set forth in Local Rule 16-281,

3  except that the parties are to prepare a <u>JOINT STATEMENT</u> with

4  respect to the undisputed facts and disputed factual issues of the

5  case.  <u>See</u> Local Rule 16-281(b)(3), (4), and (6).  The parties are

6  reminded to include in their joint statement all disputed and

7  undisputed special factual information as required by Local Rule

8  16-281(b)(6).

9    The undisputed facts and disputed factual issues are to be set

10  forth in two separate sections.  In each section, the parties

11  should identify first the general facts relevant to all causes of

12  action.  After identifying the general facts, the parties should

13  then identify those facts which are relevant to each separate cause

14  of action.  In this regard, the parties are to number each

15  individual fact or factual issue.  Where the parties are unable to

16  agree as to what factual issues are properly before the court for

17  trial, they should nevertheless list in the section on "DISPUTED

18  FACTUAL ISSUES" all issues asserted by any of the parties and

19  explain by parenthetical the controversy concerning each issue.

20  Each individual disputed fact or factual issue shall include the

21  following introductory language:  "Whether or not . . . ."  The

22  parties should keep in mind that, in general, each fact should

23  relate or correspond to an element of the relevant cause of action.

24  Notwithstanding the provisions of Local Rule 16-281, the Joint

25  Statement of Undisputed Facts and Disputed Factual Issues is to be

26  filed with the court concurrently with the filing of plaintiff's

1   Pretrial Statement.  If the case is tried to a jury, the undisputed

2   facts will be read to the jury.

3        Pursuant to Local Rule 16-281(b)(10) and (11), the parties are

4   required to provide in their Pretrial Statements a list of

5   witnesses and exhibits that they propose to proffer at trial, no

6   matter for what purpose.  These lists shall <u>not</u> be contained in the

7   Pretrial Statement itself, but shall be attached as separate

8   documents to be used as addenda to the Final Pretrial Order.

9   Plaintiff's exhibits shall be listed **<u>numerically</u>**; defendant's

10  exhibits shall be listed **<u>alphabetically</u>**.  In the event that the

11  alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,

12  3A-3Z, etc."  The Pretrial Order will contain a stringent standard

13  for the proffering of witnesses and exhibits at trial not listed

14  in the Pretrial Order.  Counsel are cautioned that the standard

15  will be strictly applied.  On the other hand, the listing of

16  exhibits or witnesses which counsel do not intend to call or use

17  will be viewed as an abuse of the court's processes.

18       Pursuant to Local Rule 16-281(b)(12), a party is required to

19  provide a list of all answers to interrogatories and responses to

20  requests for admission that the party expects to offer at trial.

21  This list should include only those documents or portions thereof

22  which the party expects to offer in its case-in-chief.  Unless

23  otherwise barred by a rule of evidence or order of this court, the

24  parties remain free to tender appropriate discovery documents

25  during trial for such purposes as, but not limited to, impeachment

26  or memory refreshment.

1    Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial
2    Statements shall contain a "statement of legal theory, etc." Each
3    party shall commence this section by specifying as to each claim
4    whether federal or state law governs, and if state law, the state
5    whose law is applicable.

6    Counsel are also reminded that, pursuant to Fed. R. Civ. P.
7    16, it will be their duty at the Pretrial Conference to aid the
8    court in (a) formulation and simplification of issues and the
9    elimination of frivolous claims or defenses; (b) settling of facts
10   which should be properly admitted; and (c) the avoidance of
11   unnecessary proof and cumulative evidence. Counsel must prepare
12   their Pretrial Statements, and participate in good faith at the
13   Pretrial Conference, with these aims in mind. A FAILURE TO DO SO
14   MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
15   monetary sanctions, orders precluding proof, eliminations of claims
16   or defenses, or such other sanctions as the court deems
17   appropriate.

18   **TRIAL SETTING**

19   Trial is **SET** for November 17, 2009, at 10:30 a.m. Trial will
20   be by jury. The parties represent in good faith that the trial
21   will take approximately seven (7) days.

22   **SETTLEMENT CONFERENCE**

23   A Settlement Conference will be set before a judge other than
24   the trial judge at the time of the Pretrial Conference.

25   Counsel are cautioned to have a principal capable of
26   disposition present at the Settlement Conference or to be fully

1  authorized to settle the matter on any terms and at the Settlement

2  Conference.

3       **MISCELLANEOUS PROVISIONS**

4       The parties are reminded that pursuant to Fed. R. Civ. P.

5  16(b), the Status (pretrial scheduling) Order **shall not be modified**

6  **except by leave of court upon a showing of good cause.** Counsel are

7  cautioned that changes to any of the scheduled dates will

8  necessarily result in changes to all other dates. Thus, even where

9  good cause has been shown, the court will not grant a request to

10 change the discovery cutoff date without modifying the pretrial and

11 trial dates.

12      **Agreement by the parties pursuant to stipulation does not**

13 **constitute good cause. Nor does the unavailability of witnesses**

14 **or counsel, except in extraordinary circumstances, constitute good**

15 **cause.**

16      The parties are reminded of their continuing obligation to

17 supplement their statements relative to the identification of

18 parent corporations and any publicly held company that owns 10% or

19 more of the party's stock within a reasonable time of any change

20 in the information.

21      The parties are admonished that they are not to cite or refer

22 to any of the quotations inscribed in the pavers on the front plaza

23 of the United States Courthouse in any written or oral presentation

24 to the court or a jury.

25      There appear to be no other matters presently pending before

26 the court that will aid the just and expeditious disposition of

1  this matter.

2      IT IS SO ORDERED.

3      DATED:  August 20, 2008.

4

5

6                    LAWRENCE K. KARLTON
                     SENIOR JUDGE
7                    UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26